A- Franklin Mahoney, J.
On October 13, 1971, the Department of Transportation, through the Commissioner thereof, adopted rules and regulations pertaining to the safety features of motor vehicles for use in the transportation of passengers and said rules and regulations were thereafter filed with the Secretary of State on October 14, 1971, pursuant to section 8 of article IV. of the New York State Constitution, and said regulations were thereafter published by the Secretary as parts 720 and 721 of title 16 of the Official Compilation of the Codes, Rules and Regulations of the State of New York (16 NYCRR Parts 720, 721) on October 31, 1971. In December of 1971 the Commissioner of Transportation caused the revised rules and regulations to be printed and, in March and April of 1972 to he distributed to all bus operators in the State.
Petitioners in this article 78 proceeding seek (a) a judicial hearing, (b) pending such a hearing an injunction staying the respondents from enforcing the amended rules and regulations, *492 or in the alternative, (c) an order directing an oral hearing, upon notice to all interested parties, before the Commissioner of Transportation or his surrogates and a stay of enforcement pending the outcome of such a hearing.
The respondent Commissioner, in his answer, admits the subject rules and regulations were adopted interdepartmentally, without hearing and without notice to petitioners or any school bus association, commuter groups, school boards, school board associations, or the New York State School Boards Association, Inc.
The challenge to the amended rules and regulations can be refined to an attack upon those parts thereof (16 NYCRR Parts 720, 721) that require window washers and modesty panels behind the driver’s seat on all buses used in transporting passengers after September 1, 1972[1]. This narrow challenge does not mandate a judicial hearing, particularly since petitioners ’ pleadings and the answer thereto fail to raise any triable issue. No factual issue is presented other than the vague allegation that enforcement of said amended rules would cost petitioners ‘‘ several hundred thousand dollars ’ The sole issue raised is' one of law, i.e., can the Department of Transportation create or, after creating,- in the interest of public safety, amend rules and regulations, relating to the operation of franchised public vehicles without notice and hearing? If it cannot, then a factual hearing before the appropriate agency or board should be held upon notice to all interested parties. Pending such a hearing, a stay of the amended rules would be appropriate. Conversely, if the Commissioner is so empowered, then no hearing is required and such rules and regulations, when adopted, have the force and effect of law.
Subdivision 17 of section 142 of the Transportation Law delegates to the Commissioner of Transportation the powers to adopt rules and regulations governing the safety of operation of all buses and motor vehicles carrying passengers for hire, as well as for all buses transporting children in the State of New York. This section of the Transportation Law does not require1 the Commissioner to hold public hearings before promulgating rules, nor does any other section -of the Transportation Law or the Education Law or the Vehicle and Traffic Law[2].
*493 It does not follow, however, that the powers of the Commissioner are absolute and that he may, in all instances, act inter-departmentally. In this country, as in this State, no power is absolute. The exercise thereof is always subject to proscription if it violates Federal or State constitutional due process rights. However, the management of public affairs by a sovereign requires a recognition that a general public need so imperative and grave may exist that its attainment and fulfillment require a constitutionally permissible subrogation of personal constitutional rights. Therefore, it can be said that, while the law does not require the respondent Commissioner to hold a hearing to promulgate rules concerning public safety, each instance must be scrutinized to determine if the public good is advanced to a degree that justifies a lack of notice to those affected by such rules. A review of the respondent’s conduct in this case leads to the conclusion that he acted within his delegated authority and his act of rule making was in the image of the Legislature, which, undeniably, could have passed such rules without a hearing (1 N. Y. Jur., Administrative Law, § 100, p. 442; Troop v. Knickerbocker Vil., 205 Misc. 200, affd. 284 App. Div. 935).
The acts of the Commissioner were lawful and not arbitrary or capricious.
The petition is dismissed.

. State voluntarily stayed implementation of rules and regulations until September 1, 1972.

. Subdivision 18 of section 142 of the Transportation Law proscribes the exercise of the Commissioner’s powers to the extent that such exercise be in furtherance of the rule-making powers of the Commissioner of Motor Vehicles.