■ In the Matter of PAROCHIAL BUS SYSTEM, INC., on Behalf of Itself and All Others Similarly Situated, et al., Appellants, v. T. W. PARKER, as Commissioner of Transportation of the State of New York, Respondent. — Appeal from a judgment of the Supreme Court, Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel the Commissioner of Transportation to assign for oral hearing the regulations designated parts 720 and 721 of title 16 of the Official Compilation of the Codes, Rules and Regulations of the State of New York, and to vacate said regulations or stay the effective date and implementation and enforcement of said regulations, pending an oral hearing and determination by the Department of Transportation. Although an article 78 proceeding is an inappropriate vehicle to review the legislative acts of an administrative agency, dismissal of this proceeding may be avoided by treating it as a declaratory judgment action. (*Matter of Lakeland Water Dist.* v. *Onodaga County Water Auth.*, 24 N Y 2d 400.) The central issue to be decided on this appeal is whether the Department of Transportation of the State of New York, when it promulgates rules and regulations in its quasi-legislative capacity, is required to afford prior notice and hearing to those persons who will be directly affected by the proposed regulations. Special Term held that it is not so required and we agree. Subdivision 17 of section 142 of the Transportation Law, which delegates to the Commissioner of Transportation the powers to adopt rules and regulations governing the safety of operation of all buses and motor vehicles carrying

passengers for hire as well as of all buses transporting children in the State of New York, does not require the Commissioner to hold public hearings before promulgating rules, nor is such a requirement contained in any other section of the Transportation Law or the Education Law or the Vehicle and Traffic Law. Appellants urge, however, that the promulgation of the subject safety regulations without prior notice and hearing is arbitrary and capricious, in that it deprives them of their property without due process of law. We find no merit in this contention (*Health Department of City of New York* v. *Rector, Church Wardens and Vestrymen of Trinity Church*, 145 N. Y. 32). Appellants hold their property and franchises subject to the legitimate and reasonable exercise of the "police power" by the State (*Adamec* v. *Post*, 273 N. Y. 250, 259). The instant safety regulations cannot be said, considering that the safety of thousands of school children is involved, to be unreasonable either in the scope of their implementation or as to the expenditures required of the appellants to comply therewith. Judgment affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur. [71 Misc 2d 491.]