■  In the Matter of IRWIN KUPFERMAN et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v NEW YORK STATE BOARD OF SOCIAL WELFARE, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered May 10, 1976 in Albany County, which enjoined implementation of 18 NYCRR 15.11 (a) (3) of the Rules of the Board of Social Welfare. Petitioners, as operators of private proprietary homes for adults, challenge a regulation of the New York State Board of Social Welfare requiring bedrooms occupied by more than one person to have a minimum of 80 square feet for each resident (18 NYCRR 15.11 [a] [3]). Previously, the regulation in effect had contained a "grandfather clause" covering otherwise substandard multiple bedrooms occupied prior to July 1, 1970, but the amended regulation involved in this proceeding, filed June 20, 1975, mandates that all such bedrooms meet the 80-square-foot per resident minimum on and after July 1, 1976. Petitioners claim a substantial loss of income upon implementation of this regulation and insist that they had both a constitutional and statutory right to a hearing before it could be validly adopted. We reject the constitutional argument. It is clear that due process does not require a hearing prior to the adoption of regulations which are of general application and are promulgated pursuant to an agency's rule-making authority *(Matter of Parochial Bus System v Parker,* 32 NY2d 901, dsmg app from 40 AD2d 1062; *Matter of Leroy Fantasies v Swidler,* 44 AD2d 266). Neither do we believe that there is any statutory basis for a hearing. Section 759 of the Executive Law does provide, in part, that "No operating certificate shall be revoked, suspended or limited without a hearing" (Executive Law, § 759, subd 3, par [b]), but petitioner's operating certificates were not "limited" by the new regulation in any sense that would trigger this particular hearing requirement. A statute must be read in its entirety with each phrase and sentence being interpreted and construed with reference to the whole *(Matter of General Reins. Corp. v Pink,* 269 NY 347, 350; *Matter of Izzo v Kirby,* 56 Misc 2d 131, 135; McKinney's Cons Laws of NY, Book 1, Statutes, § 97). Paragraph (a) of subdivision 3 of this section recites that certificates of operation may be revoked, suspended or limited for a failure to comply with legal requirements, including the rules of the board. Thus, the hearing provision quoted in paragraph (b) plainly relates to violations of paragraph (a) and does not independently refer to any limitation caused by reason of the promulgation of new regulations. Moreover, paragraph (b) further specifies the procedures

for resolving alleged violations and paragraph (c) supplies a mechanism for judicial review of ensuing revocations, suspensions or limitations. The clear purpose of section 759 is to provide a statutory scheme for imposing sanctions for misconduct following an adjudicatory hearing. On the other hand, rule-making powers and the procedures therefor are separately addressed in another section (Executive Law, § 750). That section makes no mention of a hearing before regulations may be adopted and, consequently, petitioners are not statutorily entitled to such a hearing *(Matter of Legislature of County of Rockland v New York State Pub. Serv. Comm., 49 AD2d 484, 489).* Finally, we conclude that the regulation was well within the powers of the board to make, was promulgated after due notice to the parties concerned (see State Administrative Procedure Act, § 202), and was neither arbitrary nor capricious (cf. *Matter of Engelsher v Jacobs,* 5 NY2d 370). Judgment reversed, on the law and the facts, and petition dismissed, without costs. Greenblott, J. P., Kane, Main, Larkin and Mikoll, JJ., concur.