■ STATE OF NEW YORK, Respondent, v HUDSON HOME FOR THE AGED, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered August 18, 1976 in Albany County, which granted plaintiff's application for a permanent injunction prohibiting defendant from operating a voluntary home for the aged in violation of certain rules and regulations promulgated by the State Board of Social Welfare pursuant to former section 759 of the Executive Law and denied defendant's motion for summary judgment on its counterclaim seeking a declaration that section 759 of the Executive Law and rules and regulations promulgated thereunder are unconstitutional. The facts are not in dispute. Defendant is a private not-for-profit corporation which operates a home for the aged and is in receipt of no public funds. It refused to accept and conspicuously post an operating certificate forwarded to it by the Board of Social Welfare as required by section 759 of the Executive Law. The instant action was commenced to restrain defendant from operating without the required certificate and defendant counterclaimed seeking a determination that the regulations promulgated pursuant to the statute and the statute itself violated the State Constitution. Both parties moved for summary judgment. Special Term granted plaintiff's motion and denied defendant's cross motion. This appeal ensued. Basically, defendant maintains that section 759 and the rules and regulations promulgated thereunder authorizing the State Board of Social Welfare to regulate homes for the aged not in receipt of public funds, are in violation of section 2 of article XVII of the New York State Constitution which restricts plaintiff to a limited inspection of such a facility. We disagree. In considering a similar attack on former section 758 of the Executive Law this court concluded that section 2 of article XVII of the State Constitution did not limit the power of the Legislature to enact broader legislation concerning health, safety and welfare of residents of such facilities *(Matter of Katz v Shapiro,* 62 AD2d 231). Consequently, we must reject defendant's argument since the requiring of an operating certificate can readily be justified pursuant to the police power of the State. The judgment, therefore, must be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Larkin and Mikoll, JJ., concur.