■ SLOMO SILVIAN, Doing Business as AMBASSADOR MANOR HOME FOR ADULTS, et al., Respondents, v CARMEN SHANG, as Acting Commissioner of the New York State Department of Social Services, et al., Appellants.— Appeal from that part of an order of the Supreme Court at Special Term, entered December 1, 1977 in Albany County, which declared section 460-f and subdivision 7 of section 461-b of the Social Services Law unconstitutional. Plaintiffs, the owners and operators of 42 private proprietary homes for adults and an association to which they belong, brought this action for a declaratory judgment declaring subdivision 7 of section 460-d, section 460-f and subdivision 7 of section 461-b of the Social Services Law unconstitutional as in violation of their due process rights under the Constitution of the United States and of the State of New York by exposing them to prospective criminal sanctions for unenumerated potential crimes declared at the discretion of defendants. Plaintiffs also sought to have emergency regulations contained in 18 NYCRR 490.15 declared invalid. On October 25, 1977, the plaintiffs obtained an order requiring defendants to show cause at Special Term, Albany County, on October 26, 1977, why a preliminary and permanent injunction should not issue enjoining enforcement of the said regulations and sections of the Social Services Law. On October 27, 1977, a temporary injunction was issued enjoining the implementation of 18 NYCRR 490.15. On or about November 7, 1977, defendants served their answer. On November 17, 1977, Special Term determined that section 460-f and subdivision 7 of section 461-b of the Social Services Law were unconstitutional on the ground that these statutes made criminal offenses of vague, meaningless, existing regulations, and authorized the defendant department to enact further future regulations without delimiting the nature, area or specificity of such regulations, and made the failure to adhere to them criminal offenses. Plaintiffs contend that section 460-f and subdivision 7 of section 461-b of the Social Services Law are an unconstitutional delegation of the legislative function of enacting laws, the violation of which constitute crimes, and that said sections are void in that they impose criminal sanctions for the violation of vague subjective regulations. Section 460-f and subdivision 7 of section 461-b of the Social Services Law were enacted by chapter 669 of the Laws of 1977. Section 460-f provides as follows: "Any person who intentionally violates any provision of this article [article 7— Residential Care Programs for Adults and Children] or regulations of the department [Department of Social Services] relating to certificates of incorporation, operating certificates or confidentiality of information shall be guilty of a class A misdemeanor." Subdivision 7 of section 461-b provides as follows: "Any person who intentionally violates any provision of this section or the regulations of the department [Department of Social Services] shall be guilty of a class A misdemeanor." It is clear that the Legislature may exercise its police power for the protection of the health, safety and welfare of its residents (*Health Ins. Assn. of Amer. v Harnett,* 44 NY2d 302), and that the exercise of the police power may be extended to the regulation of an industry, such as that of plaintiffs, which cares for the aged and infirm (*State of New York v Hudson Home for Aged,* 62 AD2d 1121; *Katz v Shapiro,* 62 AD2d 231, app dsmd 45 NY2d 833; *Matter of Kupferman v New York State Bd. of Social Welfare,* 60 AD2d 674). In *People v Ryan* (267 NY 133, 137), it was held that an attempt "to commit to the unrestrained volition of an administrative board so essentially a legislative function as the definition of a substantive criminal offense was quite obviously without effect." In that case, however, the statute provided that (pp 136-137) "Violation by any person of any rule of the state board shall be a misdemeanor *if*

*such rule so provides* and if such rule shall be published in a manner prescribed by such board" (emphasis added). In *Darweger v Staats* (267 NY 290, 306), the court stated: "In this day when demands upon the State Legislatures for necessary and important laws are increasing every year we must not be rigid in our construction of legislative power. More and more must the laws become general in form, leaving to commissions, boards or other administrative bodies the establishment of rules and regulations and the determination of the facts to which the general law will apply. To make the violation of any such adopted rule or regulation a crime, is not a delegation of legislative power." "When the Legislature itself makes a violation of such a rule a crime, it does not delegate its legislative power" *(People v Malmud,* 4 AD2d 86, 91). There is no delegation of the legislative power to define crimes and to prescribe punishment therefor by section 460-f and subdivision 7 of section 461-b of the Social Services Law. Those sections merely provide that any person who intentionally violates any provisions of the regulations of the department shall be guilty of a class A misdemeanor. The statutes in question require a showing of intentional violation before the commission of a crime is established. Under these statutes, the plaintiffs are protected by every right afforded to any person charged with a crime in the State of New York since a violation plus intention must be shown. Thus, unlike the situation in *People v Ryan (supra),* the department was not delegated the power to decide which of its regulations would provide for criminal penalties in the event of a violation. While the Legislature cannot pass on its law-making functions to other bodies, "there is no constitutional prohibition against the delegation of power, with reasonable safeguards and standards, to an agency or commission to administer the law as enacted by the Legislature" *(Matter of Levine v Whalen,* 39 NY2d 510, 515). In that case, it was also said (p 515): "The standards or guides need only be prescribed in so detailed a fashion as is reasonably practicable in the light of the complexities of the particular area to be regulated, since necessity fixes a point beyond which it is unreasonable and impracticable to compel the Legislature to prescribe detailed rules." Section 460 of the Social Services Law, entitled "Declaration of policy and statement of purpose", is sufficiently specific and clear in establishing the standards and guides for the department to follow in establishing its regulations (see *Matter of Levine v Whalen, supra).* It follows that there has been no unconstitutional delegation of legislative functions to the Department of Social Services, and that part of the order which declared section 460-f and subdivision 7 of section 461-b of the Social Services Law unconstitutional must be reversed. Control over unreasonable exercise of power can be better effected through challenges to the regulations. However, Special Term's determination that the provisions of 18 NYCRR 490.15 of the regulations of the Department of Social Services are reasonable and valid is supported by the record and should be affirmed. (Cf. *Matter of Koelbl v Whalen,* 63 AD2d 408.) Contrary to the contention raised by the *amicus curiae* for the first time on this appeal, the plaintiffs had standing to bring this action. They are involved in a heavily regulated industry, and they need not violate the rules and regulations of the Department of Social Services, thereby subjecting themselves to punitive sanctions in order to obtain a legal declaration of their rights *(Halpern v Lomenzo,* 35 AD2d 41). Order modified, on the law, by deleting therefrom the decretal paragraph declaring section 460-f and subdivision 7 of section 461-b of the Social Services Law unconstitutional,

and by substituting therefor a paragraph declaring that said sections are constitutional, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.