In the Matter of MEDICAL SOCIETY OF THE STATE OF NEW YORK et al., Appellants, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.

Third Department, July 13, 1989

**APPEARANCES OF COUNSEL**

*LeBoeuf, Lamb, Leiby & MacRae (Jay G. Safer* of counsel), for appellants.

*Robert Abrams, Attorney-General (Kathleen Liston Morrison* of counsel), for respondents.

*Seth P. Stein, P. C.,* for New York State Psychiatric Association, Inc., *amicus curiae.*

**OPINION OF THE COURT**

CASEY, J.

Petitioners challenge an amendment to the rule which establishes the method whereby Medicaid reimbursement is determined for out-patient medical services provided to "cross-over patients" who are covered by both Medicare and Medi-

caid (18 NYCRR 360.10). The amendment was suggested as a cost-saving measure by the United States Department of Health and Human Services in 1985. Respondent State Department of Social Services (hereinafter the Department) estimated that substantial cost savings would occur and investigated the potential impact of the proposal after recognizing that the probable reduced reimbursement to the providers of some medical services might affect crossover patients' access to medical care. The Department first considered the proposal in the context of legislation to be submitted to the Legislature, but thereafter decided to adopt the proposal as an amendment to the existing regulation which governed reimbursement for providers of health care to crossover patients. The amendment was adopted December 31, 1986.

Petitioners, a medical society and a physician, commenced this CPLR article 78 proceeding, raising several procedural and substantive objections to the amendment. Supreme Court dismissed the petition on the merits. We affirm.

■ Petitioners contend that the regulatory process was procedurally flawed in that the Department failed to comply with the small business provisions of State Administrative Procedure Act § 202-b and failed to consult with the State's Medical Advisory Committee as required by Federal regulation (42 CFR 431.12 [e]) and State law (Social Services Law § 365-c). We agree with respondents that the small business provisions of State Administrative Procedure Act § 202-b were not applicable here. At the time the amended regulation was proposed and adopted, State Administrative Procedure Act § 202-b (former [3]) (as amended by L 1984, ch 17) provided that "[t]his section shall not apply to any rule * * * which the agency finds would not impose reporting, recordkeeping or other compliance requirements on small businesses". The notice of proposed rulemaking contains the Department's finding of the absence of reporting, recordkeeping and other compliance requirements, and the necessary basis for that finding. As to petitioners' claim concerning the Medical Advisory Committee, we agree with Supreme Court that the record establishes that the Department did in fact consult with the Committee.

■ Turning to the substantive issues, petitioners contend that the Department exceeded its authority or violated the separation of powers doctrine in amending 18 NYCRR 360.10. This argument is premised on the theory that the amendment compromises the stated legislative purpose of the State's

Medicaid program *(see,* Social Services Law § 363) in order to contain costs. Relying on *Boreali v Axelrod* (71 NY2d 1), petitioners maintain that such a compromise must be made by the Legislature, not an administrative agency. The Department has been delegated the broad authority to promulgate such regulations, not inconsistent with law, as may be necessary to implement the State's Medicaid program (Social Services Law § 363-a [2]; *see also,* Social Services Law § 20 [3] [d]; § 34 [3] [f]). The amendment at issue clearly falls within this broad power, and since the "number of coalescing circumstances" present in *Boreali v Axelrod (supra,* at 11) are not present here, we reject petitioners' claim that the Department crossed the line between administrative rulemaking and legislative policy making.

Petitioners' other substantive argument contains the real heart of their objection to the amendment. They contend that the Department lacked a rational basis for adopting the revised reimbursement method contained in the amendment. According to petitioners, the Department could not adopt the amendment as a cost-saving measure without first ensuring that it would not have an adverse impact on crossover patients' access to medical care.

█ It is well established that: "The Legislature may establish administrative agencies to accomplish its purposes and such agencies may be given the power to adopt rules and regulations to advance the purposes for which they were created. The regulations so adopted, if reasonable, have the force and effect of law * * *. The court may not disturb them unless they are 'so lacking in reason for [their] promulgation that [they are] essentially arbitrary' *(Matter of Marburg v Cole,* 286 NY 202, 212)." *(Molina v Games Mgt. Servs.* 58 NY2d 523, 529.) While the court's scope of review of an administrative agency's rule is limited, "it is not toothless, and administrative rules are not judicially approved in a *pro forma* manner" *(Matter of Bates v Toia,* 45 NY2d 460, 464). Guided by these general principles, we agree with Supreme Court that the amended regulation at issue here is not invalid.

At the center of this controversy is the concern that a reduction in the reimbursement to providers of medical services to crossover patients will cause some providers to refuse to participate in the program, thereby depriving some crossover patients access to medical care. Petitioners seem to take the position that the logic inherent in this concern is so

compelling that the Department was required to produce evidence in the record (including comprehensive empirical studies, impact analyses and reports) sufficient to prove that no adverse impact on access to medical care would occur. The Department did, however, recognize the concern as a legitimate one and conducted an investigation which it concluded was adequate. Based upon the results of this investigation, the Department exercised its judgment and determined that the adverse impact was not likely to materialize. This conclusion was based, in part, upon a Federal audit report indicating the absence of an adverse impact in the 20 States that had adopted a similar reimbursement method. The Department also relied upon a 1983 study on the supply of physicians in New York to conclude that competition among an adequate supply of physicians would help offset any impact of the withdrawal of providers. The Department reasoned that existing long-standing physician-patient relationships were not likely to be broken merely because of the reduction in reimbursement due to the amendment. The Department also considered the high participation rate of physicians in the Medicare program in New York. Petitioners find fault with all of the grounds advanced by the Department for its conclusion. For example, petitioners contend that since the Federal audit report refers to "no apparent" adverse impact in the other States that have adopted similar plans, it is reasonable to conclude that the report is not based on empirical studies of the actual impact in those States. In our view, however, petitioners' arguments establish, at best, that reasonable minds might differ as to the conclusions to be drawn, which is not sufficient to establish the irrationality necessary to warrant annulment of the amended regulation *(see, Matter of Cohn v Flacke,* 84 AD2d 595).

MAHONEY, P. J., WEISS, LEVINE and HARVEY, JJ., concur.

Judgment affirmed, without costs.