In the Matter of GASDA, Ltd., Appellant, v Patricia B. Adduci, as Commissioner of the Department of Motor Vehicles, Respondent.

Third Department, April 9, 1992

APPEARANCES OF COUNSEL

*Susan G. Piskiel* and *Arnold P. Azarow* for appellant.

*Robert Abrams, Attorney-General (Leslie B. Neustadt* and *Peter G. Crary* of counsel), for respondent.

### OPINION OF THE COURT

WEISS, P. J.

Petitioner is a not-for-profit trade association whose members operate vehicle repair shops, inspection stations, service stations and gasoline stations located in several downstate counties. In this CPLR article 78 proceeding, petitioner challenges amendments to 15 NYCRR 127.2 promulgated by respondent which became effective June 6, 1990. Specifically, the amendment to 15 NYCRR 127.2 (b) (1) increases the time within which a vehicle safety hearing generally must be commenced from nine months to 12 months, measured from the filing of a complaint or the initiation of an investigation. In addition to enlarging the time limitations for commencement of a hearing, the amendment also added two new subdivisions which removed from the 12-month period "[a]ny time during which the [D]epartment [of Motor Vehicles] has offered a [facility] a waiver of hearing contingent on the * * * acceptance of a penalty" (15 NYCRR 127.2 [d]), as well as any time within which a facility was given an opportunity to correct deficiencies found following an audit (15 NYCRR 127.2 [e]). Supreme Court dismissed the petition which sought a declaration invalidating the amendments as contrary to the requirements of due process and State Administrative Procedure Act §§ 202 and 301. The court held that the 12-month period was not an unreasonably long period of time for commencement of a vehicle safety hearing and that petitioner failed to establish that the decision to extend the time period by three months was arbitrary and capricious. This appeal by petitioner ensued.

State Administrative Procedure Act § 301 (1) provides: "In an adjudicatory proceeding, all parties shall be afforded an opportunity for hearing within reasonable time." To determine whether a time period for commencement of an administrative hearing is reasonable under this statute: "an administrative body in the first instance, and the judiciary sitting in review, must weigh certain factors, including (1) the nature of the private interest allegedly compromised by the delay; (2) the actual prejudice to the private party; (3) the causal con-

nection between the conduct of the parties and the delay; and (4) the underlying public policy advanced by governmental regulation" *(Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 178, *cert denied* 476 US 1115). The prejudice asserted by petitioner here is that the extended time period may result in increased license revocations "due to the inability to locate witnesses and prepare defenses to departmental allegations".

We first note that the record does not include an evidentiary showing sufficient to support petitioner's argument. The affidavits from its executive director and two members do little more than suggest that difficulties may arise in locating mechanics who performed inspections which have been challenged in subsequent audits or investigations by respondent. This type of inchoate damage has been held by this court to be insufficient to demonstrate actual prejudice *(see, e.g., Matter of Binghamton-Johnson City Joint Sewage Bd. v New York State Dept. of Envtl. Conservation,* 159 AD2d 887, 889). Respondent's countervailing contentions show that investigations are generated by complaints from consumers or deficiencies disclosed in audits of facilities. Prompt notification is given to the operators and it is only through the resolution process that delays occur which cause hearings in approximately 20% of the cases to be time barred by the nine-month limitation period under the previous rule. Moreover, because the license of a facility is neither suspended nor revoked during the investigatory process pending a hearing, businesses may continue to operate and no adverse impact results from the delay *(cf., Matter of Mullen v New York State Dept. of Motor Vehicles,* 144 AD2d 886, 888).

Nor are we persuaded that respondent has failed to provide a rational justification for the amendment. The regulatory impact statement accompanying the proposed amendment provided full explanation and justification of the need and basis for the enlargement of the nine-month period to 12 months *(see,* State Administrative Procedure Act § 202-b [3]). There was no need for a regulatory flexibility analysis inasmuch as the rule as amended does not impose an adverse economic impact on small businesses and does not require the preparation of additional forms or added recordkeeping. The affidavit of the chief of vehicle safety services provided a rational explanation of the problems encountered with the nine-month period and the need for the additional three months within which to commence hearings.

Petitioner's contention that it was entitled to a hearing before the amendment was adopted is also without merit. A hearing is not required by State Administrative Procedure Act § 202 (1) (a) (i) *(see, Matter of Rochester Gas & Elec. Corp. v Public Serv. Commn.,* 71 AD2d 185, *mot to dismiss appeal granted* 49 NY2d 1014, 1046, *lv denied* 51 NY2d 703), or by any due process rights when regulations have a general application and are promulgated pursuant to the rule-making authority of an agency *(see, Matter of Kupferman v New York State Bd. of Social Welfare,* 60 AD2d 674, *affd* 47 NY2d 738). Here, neither Vehicle and Traffic Law § 215 nor State Administrative Procedure Act § 301 (3) require a hearing prior to the adoption of an amendment to a rule.

Finally, because respondent had included as part of its rule-making notice a finding that the proposed amendment would neither impose any adverse economic impact on small businesses nor require any additional reporting, recordkeeping or other compliance requirements, respondent fulfilled its obligations under the statute *(see, Matter of Binghamton-Johnson City Joint Sewage Bd. v New York State Dept. of Envtl. Conservation, supra,* at 888-889; *Matter of Medical Socy. v New York State Dept. of Social Servs.,* 148 AD2d 144, 146, *lv denied* 74 NY2d 617).

YESAWICH JR., CREW III, MAHONEY and HARVEY, JJ., concur.

Ordered that the judgment is affirmed, without costs.