[617 NYS2d 581]

In the Matter of LAKE GEORGE CHAMBER OF COMMERCE et al., Appellants, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents.

Third Department, October 20, 1994

## APPEARANCES OF COUNSEL

*Ronald H. Sinzheimer, P. C.,* Albany *(Peter J. Molinaro* and *Brian J. O'Leary, Jr.,* of counsel), for appellants.

*G. Oliver Koppell, Attorney-General,* Albany *(Denise A. Hartman* and *Peter H. Schiff* of counsel), for respondents.

## OPINION OF THE COURT

CASEY, J.

Petitioners, who operate temporary residences or are organizations which represent operators of temporary residences, commenced this proceeding to challenge certain amendments to the State Sanitary Code which pertain to the supervision requirements for swimming pools and bathing beaches maintained by temporary residences *(see,* 10 NYCRR subparts 6-1, 6-2). The amendments contain "grandfather" provisions which effectively exempt current operators of temporary residences from the new requirements. Upon the sale of a temporary residence, however, the "grandfather" provisions do not apply to the new owner. On this appeal, petitioners contend that Supreme Court erred in dismissing the petition.

While this appeal was pending, the Legislature apparently recognized that owners of temporary residences had legitimate concerns about the economic impact of imposing the more stringent supervision requirements when a facility that is exempt from the requirements is sold. As a result, a provision was added to the Public Health Law to require that variances and waivers from the requirements for providing lifeguards at swimming pools and bathing beaches which are part of temporary residences shall not expire upon change in ownership of the facility (Public Health Law § 225 [5] [v], as added by L 1994, ch 577, eff July 26, 1994). Considering the remedial purpose of the legislation, as evidenced by the supporting legislative memoranda, we conclude that all variances or waivers of the lifeguard requirements, including those which arose by operation of the "grandfather" provisions of the regulations, apply to the facility itself and not its owner, so

that a change in ownership of the facility will not result in a change in the lifeguard requirements.

Considering petitioners' arguments in light of the new statute and our interpretation of its effect, we see no basis to disturb Supreme Court's dismissal of the petition. Respondents had statutory authority to adopt regulations concerning swimming pools and bathing beaches *(Matter of Rainbow Beach Assn. v New York State Dept. of Health,* 187 AD2d 891), and we find the case of *Boreali v Axelrod* (71 NY2d 1) inapplicable. Respondents considered various expenses associated with the requirements imposed by the amendments. State Administrative Procedure Act §§ 202-a and 202-b do not require the consideration of speculative costs which might occur at unknown future dates *(see, Matter of Binghamton-Johnson City Joint Sewage Bd. v New York State Dept. of Envtl. Conservation,* 159 AD2d 887, 889). In any event, petitioners' arguments concerning economic impact have, for the most part, been rendered moot by the new provision added to the Public Health Law. Finally, petitioners have failed to demonstrate that the challenged amendments are so lacking in reason for their promulgation as to be arbitrary *(see, Matter of Medical Socy. of State of N. Y. v New York State Dept. of Social Servs.,* 148 AD2d 144, 147, *lv denied* 74 NY2d 617).

CREW III, J. P., YESAWICH JR. and PETERS, JJ., concur.

Ordered that the judgment is affirmed, without costs.