Per Curiam.

In our opinion, the instruction given by the trial court in answer to the jury’s request was prejudicial error. It allowed the jury to excuse contributory negligence by conduct that may not have been in accordance with that *854 required of a reasonably prudent person under the particular circumstances.
Additional errors include the failure of the trial court to strike the testimony as to the hole in the glass since Venditti did not remember whether he thus tried to open the door. The jury was erroneously permitted to find that defendant’s conduct was in violation of rules of the Industrial Code and a Building Ordinance of the City of Bochester when these were not applicable, the former because the elevator was not ‘ - in service ” at the time of the accident, and the latter because the public had no access to the premises at the time of the accident.
The judgment appealed from should be reversed, and the order of Trial Term setting aside the verdict of the jury and ordering a new trial on defendant’s exceptions should be reinstated, with costs in this court and in the Appellate Division.
Chief Judge Conway and Judges Dye, Fuld, Froessel, Van Voorhis and Burke concur in Per Curiam opinion; Judge Desmond dissents and votes to affirm upon the ground that the errors, if any, do not justify a reversal (Civ. Prac. Act, § 105).
Judgment reversed, etc.