■ In the Matter of MEDICAL SOCIETY OF THE STATE OF NEW YORK, INC., et al., Respondents, v NEIL D. LEVIN et al., Appellants. [723 NYS2d 133] —Order and judgment (one paper), Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered June 13, 2000, which granted petitioner's CPLR article 78 application to the extent of declaring that recent amend-

ments to the regulations in 11 NYCRR part 65, known as the "New Regulations" or "Regulation 68," are null and void and that their promulgation was unlawful, arbitrary and capricious and an abuse of discretion and enjoined respondents-appellants from implementing them, unanimously affirmed, without costs.

Appellants must, in promulgating regulations under the No-Fault law (Insurance Law art 51), serve the legislative purpose of protecting the "right of an injured party to prompt and full compensation" (*see, Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184, 193, *cert denied* 459 US 837). Construction of the State Administrative Procedure Act, as of any statute, should be to aid in effecting the legislative purpose (*see, Matter of American Tr. Ins. Co. v Corcoran*, 105 AD2d 30, 32, *affd* 65 NY2d 828), which, as concerns the State Administrative Procedure Act, is to ensure that regulators will adopt rules "for the purely practical purpose of attempting to make a legislative program work" (*see, Matter of New York State Health Facilities Assn. v Axelrod*, 77 NY2d 340, 349). In light of these principles, we agree with article 78 court that appellants incorrectly determined that the class of "regulated persons" (*see*, State Administrative Procedure Act § 202 [5] [b] [iii]; § 202-a [3] [c] [i]), includes only insurers and self-insurers. Further, costs to regulated persons that are virtually certain to be incurred immediately upon implementation of the regulations are not "speculative" (*cf., Matter of Lake George Chamber of Commerce v New York State Dept. of Health*, 205 AD2d 93, 95). Accordingly, we agree that appellants are in violation of State Administrative Procedure Act §§ 202, 202-a and 202-b in the five instances identified by Supreme Court. We have considered appellants' remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Mazzarelli, Wallach, Saxe and Buckley, JJ.