■ In the Matter of the BOARD OF EDUCATION OF THE ROOSEVELT UNION FREE SCHOOL DISTRICT et al., Appellants, v BOARD OF TRUSTEES OF THE STATE UNIVERSITY OF NEW YORK et al., Respondents. [731 NYS2d 524] —Carpinello, J. Appeal from a judgment of the Supreme Court (Sise, J.), entered January 18, 2001 in Albany County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Board of Trustees of the State University of New York issuing a charter to respondent Roosevelt Children's Academy Charter School, Inc. to operate a charter school.

The history of this combined CPLR article 78 proceeding and action for declaratory judgment, as well as a detailed analysis of the New York Charter Schools Act of 1998 (L 1998, ch 4, § 1), are contained in a prior decision of this Court (282 AD2d 166). In summary, petitioners are attacking, on arbitrary and capricious grounds, the determination of respondent Board of Trustees of the State University of New York (hereinafter the SUNY Trustees) to issue a charter to respondent Roosevelt Children's Academy Charter School, Inc. (hereinafter the Academy Charter School) permitting it to operate a charter school within the geographic boundary of the Roosevelt Union Free School District (hereinafter District). Specifically, petitioners contend that the decision to grant the charter was arbitrary and capricious, contrary to law and an abuse of discretion for three essential reasons, namely, that the SUNY Trustees failed to make a statutorily required finding that the granting of the charter was likely to improve student learning and achievement (*see*, Education Law § 2852 [2] [c]), failed to properly consider the fiscal impact that the charter would have on the relevant local school districts[1] and approved the charter without adequate evidence of community support (*see*, Education Law § 2851 [2] [q]). While we are unpersuaded by the latter two contentions,[2] we agree that the SUNY Trustees failed to make the statutorily-mandated finding that "granting the application is likely to improve student learning and achievement" (Education Law § 2852 [2] [c]), and are thus compelled to remit the matter to the SUNY Trustees on this ground.

Education Law § 2852 (2) (c) clearly states: "An application for a charter school shall not be approved *unless the charter entity finds* that * * * granting the application is likely to improve student learning and achievement" (emphasis supplied). Despite the voluminous record in this matter, there is no indication that the SUNY Trustees itself, as the charter

---

**1.** They include the District, as well as amicus curiae, Uniondale Union Free School District.

**2.** To be sure, the SUNY Trustees itself was not required by statute to make an explicit finding that "adequate community support for and interest in the charter school [existed] sufficient to allow the school to reach its anticipated enrollment" (Education Law § 2851 [2] [q]). Nor does the statute mandate that the SUNY Trustees make an explicit finding concerning the "fiscal impact of the school on other public and nonpublic schools in the area" (*id.*). Rather, the submission of evidence of community support and the fiscal impact on the other schools in the area was an obligation on the *Academy Charter School*, as the applicant. Here, the Academy Charter School provided information addressing both issues and each was the subject of additional review following resubmission of the charter by the Board of Regents to the SUNY Trustees.

entity (*see*, Education Law § 2851 [3] [b]), actually made the requisite finding. The Academy Charter School's application was conditionally approved by resolution of the SUNY Trustees at a June 15, 1999 special meeting. The resolution merely states: "*Resolved* that the application of the [Academy Charter School] (copy on file in the Offices of the Charter Schools Institute) for opening a charter school in 2000; be, and hereby is, approved subject to the applicant meeting the conditions that are required by the New York Charter Schools Act of 1998 (Article 56 of the Education Law) and by the Charter Schools Institute acting through its President." No specific finding is contained either in the resolution itself or in the minutes of the meeting which addresses the issue of whether the issuance of the charter will improve student learning and achievement.

On January 25, 2000, the SUNY Trustees gave final approval to the application and further resolved that a proposed charter be entered into with the Academy Charter School (*see*, Education Law § 2852 [5]). This resolution states:

"*Resolved* that, the applicant for the * * * [Academy Charter School] having met the conditions that are required by the New York Charter Schools Act of 1998 (Education Law § 2850 *et seq.*) and by the Charter Schools Institute acting through its President, the application for the * * * [Academy Charter School] be, and hereby is, approved; and be it further

"*Resolved* that the Charter Schools Institute, acting through its President or Executive Director, be, and hereby is, directed to enter into a proposed charter with the applicant."

Again, no finding was made by the SUNY Trustees at the time as to whether student learning and achievement would be improved by the charter.

The last act taken by the SUNY Trustees concerning the charter was on April 25, 2000. At this time, the SUNY Trustees voted to resubmit the proposed charter (with certain modifications) to the Board of Regents, which had previously received the proposed charter in accordance with the statutory scheme and returned it to the SUNY Trustees for reconsideration (*see*, Education Law § 2852 [5-a], [5-b]). Again, the issue of student learning and achievement never came up at this Board meeting nor was it addressed in the resubmission resolution.

Although recognizing that such finding was "not specifically set forth in the record of the [SUNY] Trustees proceeding," Supreme Court nevertheless "presumed" that the SUNY Trustees so found. In *Matter of Bayswater Realty & Capital Corp. v Planning Bd.* (76 NY2d 460), the Court of Appeals spoke directly to this issue and denounced such judicial presump-

tions where, as here, a statute mandates a specific finding by a governmental entity. At issue in *Bayswater* was the failure of a town planning board to make a finding which was mandated by Town Law § 277 (1) (*id.*). Because the planning board in that case failed to make a determination called for under that statute, the Court of Appeals held that a remand to that entity for a finding was required (*id.*, at 463, 466). We find this rationale equally applicable here. Notwithstanding the logical inference that a finding of improved student learning was implicit in the ultimate determination, we are precluded from so presuming and, in the absence of an explicit finding to that effect in the record, a remittal is required (*see generally, Matter of Lakeshore Nursing Home v Axelrod*, 181 AD2d 333; *Matter of Medical Socy. v Levin*, 185 Misc 2d 536, *affd* 280 AD2d 309).[3]

As a final matter, we note that petitioners include among their number petitioner Board of Education of the District, as well as certain taxpayers, residents, parents and students within the District. Supreme Court held that the individual petitioners do not have standing to sue. On appeal, respondents concede that "the individual petitioners who are students or parents of students in the district have common law standing to maintain this [CPLR] [a]rticle 78 proceeding" and that Supreme Court's judgment holding otherwise should be reversed. This concession applies to all individual petitioners except apparently one, petitioner Dolores Epps. Although Epps is named in the caption of the amended petition, her status is never defined in the body of the amended petition itself. Because this Court is unable to ascertain how, if at all, she was personally and adversely affected by the determination, and it is unclear whether she falls with in the scope of respondents' concession, we will not assume that she has standing to sue and therefore affirm dismissal of the amended petition on standing grounds as to her only. As to all other individual petitioners, we reverse Supreme Court's judgment.

Cardona, P. J., Mercure, Spain and Rose, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as found that certain individual petitioners lacked standing to sue; matter remitted to Supreme Court with directions to remand to respondent Board of Trustees of the State University of New York for further consideration in accordance with this Court's decision; and, as so modified, affirmed.

---

3. We find no support, either in the statute itself or in its legislative history, for petitioners' argument that this finding of improved student learning must apply to *all* students in the District.