■ In the Matter of MEDICAL SOCIETY OF THE STATE OF NEW YORK et al., Appellants, v GREGORY SERIO, as Superintendent of Insurance of the State of New York, et al., Respondents. [749 NYS2d 227] —Judgment, Supreme Court, New York County (William Wetzel, J.), entered February 20, 2002, declaring that the promulgation of "revised Regulation 68" (*see Matter of Medical Socy. v Levin*, 185 Misc 2d 536, *affd* 280 AD2d 309 [declaring original Regulation 68 invalid]), amending 11 NYCRR part 65 implementing the "no-fault law" (Insurance Law art 51), did not constitute improper legislative policy-making or an improper delegation of rule-making authority, and dismissing the proceeding insofar as it sought CPLR article 78 relief annulling revised Regulation 68 for failure to comply with the State Administrative Procedure Act, unanimously affirmed, without costs.

Respondent Commissioner did not overstep his " 'broad power to interpret, clarify, and implement the legislative policy' " (*Ostrer v Schenck*, 41 NY2d 782, 785) by, among other things, to focus on the main point in contention, shortening the periods for filing a notice of claim from 90 days to 30 days, and proof of claim for medical treatment from 180 days to 45 days (11 NYCRR 65-3.3, 65-2.4 [b], [c]). Certainly the change is not "inconsistent with some specific statutory provision" (41 NY2d at 785), and indeed, it appears that the Legislature, in 1997, considered, but ultimately declined, to enact time limits for the filing of such claims. The interstice evinces a legislative preference to yield to administrative expertise, and it is not for the courts to second-guess measures the Commissioner deems appropriate to implement the policy of providing prompt compensation for economic loss, while facilitating the investigations necessary to overcome the uncontested substantial increase in fraudulent no-fault claims (*see Matter of Nicholas v Kahn*, 47 NY2d 24, 31-32). Nor is it for the courts to second-guess the Commissioner's conclusion that the shortened time limits will not have the effect of excluding a significant number of legitimate claims. We note that in some respects the new regulation, which allows a missed deadline to be excused upon "clear and reasonable justification" (11 NYCRR 65-2.4 [b], [c]), is more relaxed than the prior regulation, which required a showing that a timely filing was "impossible." That it is left up to the insurers to establish standards and procedures for reviewing particular determinations of lateness, subject to review by Department examiners (11 NYCRR 65-3.5 [*l*]), is not an

improper delegation of rule-making authority (*see Matter of Alca Indus. v Delaney*, 92 NY2d 775, 778-779; *cf. 8200 Realty Corp. v Lindsay*, 27 NY2d 124, *appeal dismissed* 400 US 962).

Petitioners' other arguments are also unavailing. The provision that no attorneys' fees are to be paid to a health care provider who submits claims in excess of the applicable schedules (11 NYCRR 65-4.6 [h]) is not in conflict with Insurance Law § 5106 (a), which expressly limits the right to attorneys' fees "to limitations promulgated by the superintendent in regulations." Nor is the change from compound interest to straight interest for late payments (11 NYCRR 65-3.9 [a]) in conflict with section 5106 (a), which makes no reference to whether interest is to be compound or straight, and the provision for compound interest was itself set by regulation. The provision for direct payment to the claimant, rather than the provider (11 NYCRR 65-3.11 [a]), according to respondents, allows for the assignment of necessary "health-related no-fault benefits," in accordance with Insurance Law § 5102 (a) (1) and § 5108, which limit reimbursement to necessary expenses and charges for "professional health services," and, in terms, does not limit assignment of nonmedical benefits, such as transportation and housekeeping, if medically necessary. The new authority given to arbitrators pursuant to Insurance Law § 5106 (b), to raise any issue deemed relevant in making an award that is consistent with the Insurance Law and regulations (11 NYCRR 65-4.4 [e]), will not, as petitioners claim, transform the arbitrator from a neutral adjudicator into an inquisitor on behalf of the Insurance Department or the insurance companies. Finally, the deficiencies contained in the prior rule-making process (*see Matter of Medical Socy. v Levin, supra*) were satisfactorily addressed by respondents, and there is otherwise no merit to petitioners' claim that respondents did not substantially comply with the State Administrative Procedure Act in promulgating revised Regulation 68 (State Administrative Procedure Act § 202 [8]). Concur—Williams, P.J., Nardelli, Andrias and Marlow, JJ.