■ In the Matter of BOARD OF EDUCATION OF THE RIVERHEAD CENTRAL SCHOOL DISTRICT et al., Appellants, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. [754 NYS2d 437] —Crew III, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered September 5, 2001 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Regents of the University of the State of New York issuing a charter to respondent Riverhead Charter School.

In September 2000, respondent Board of Regents of the University of the State of New York (hereinafter the Board of Regents) received an application from a group of individuals from the Town of Riverhead, Suffolk County, seeking to establish a charter school known as respondent Riverhead Charter School within the geographic boundaries of the Riverhead Central School District. The application was assigned to a review panel headed by Darlene Mengel, the supervisor of the Department of Education's Charter Schools Unit, which, after reviewing the requested modifications to the application and the materials submitted in support thereof, ultimately recommended approval. This recommendation, in turn, was reviewed and considered by Deputy Commissioner James Kadamus who, by memorandum dated December 1, 2000, recommended, inter alia, that the Board of Regents approve the Riverhead Charter School application as such application met the criteria set forth in Education Law § 2852 (2). Thereafter, the Elementary, Middle, Secondary and Continuing Education Committee of the Board of Regents reviewed and voted to accept Kadamus' recommendation of approval of the underlying application. On or about December 15, 2000, the full Board of Regents convened and, insofar as is relevant to this appeal, approved the Riverhead Charter School application and granted a provisional charter. In April 2001, the Riverhead Charter School submitted a revised application seeking to modify its charter by changing management companies and increasing the proposed

enrollment. This revised application underwent a similar review process, which culminated in a vote by the Board of Regents approving the revised application on or about June 12, 2001.

In the interim, petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the December 2000 determination of the Board of Regents granting the initial charter school application. Petitioners also sought a preliminary injunction restraining respondent Comptroller from deducting any funds due and owing to the Riverhead Central School District and transmitting them to the Riverhead Charter School. Following the Board of Regents' June 2001 determination regarding the revised charter school application, petitioners amended their petition to challenge that determination as well. Supreme Court, inter alia, denied petitioners' request for a preliminary injunction and dismissed the petition, finding that petitioners had failed to demonstrate that the Board of Regents' approval of the Riverhead Charter School application was arbitrary and capricious. This appeal by petitioners ensued.

We affirm. Petitioners initially contend that the Board of Regents failed to make the requisite finding under Education Law § 2852 (2) (c) that the issuance of a charter for the Riverhead Charter School was "likely to improve student learning and achievement" and, relying upon this Court's prior decision in *Matter of Board of Educ. of Roosevelt Union Free School Dist. v Board of Trustees of State Univ. of N.Y.* (287 AD2d 858), assert that the underlying determination must be vacated and annulled. We cannot agree. Preliminarily, we note that even a cursory review of the record before us reveals that contrary to respondents' assertion, the Board of Regents' alleged noncompliance with the provisions of Education Law § 2852 (2) is not being raised for the first time on appeal. Turning to the merits, based upon our review of the record as a whole, we are satisfied that the Board of Regents discharged its statutory obligation in this regard and, further, that this matter is sufficiently distinguishable from our prior decision in *Roosevelt* such that we are not bound by the holding of that case.

Nor are we persuaded that the record as a whole fails to contain sufficient information to have permitted the Board of Regents to undertake an intelligent evaluation of the "projected programmatic and fiscal impact" of the Riverhead Charter School on other public and private schools in the area (Education Law § 2851 [2] [q]). The supplemental information requested and submitted in this regard plainly was evaluated during the course of the initial charter school application.

Moreover, given that the Riverhead Charter School's subsequent request to increase the proposed enrollment was not granted due to the potential fiscal impact upon the Riverhead Central School District, it cannot seriously be argued that the Board of Regents failed to consider the financial consequences associated with granting the revised charter school application. Petitioners' remaining contentions, including their assertion that Supreme Court erred in denying their request for a preliminary injunction, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.