OPINION OF THE COURT
Memorandum.
Order reversed without costs, plaintiffs’ motion for summary judgment granted as to plaintiff SZ Medical EC.’s claims for $182.37 and $532.42, plaintiff JH Chiropractic EC.’s claims for $168.50 and $256.94, and New Wave Oriental Acupuncture EC.’s claim for $660.56 and its two claims for $700, and matter remanded to the court below for a calculation of statutory interest and an assessment of attorney’s fees.
In this action to recover first-party no-fault benefits for medical treatment provided to their assignor, plaintiffs SZ Medical EC., JH Chiropractic EC., and New Wave Oriental Acupuncture EC. established their prima facie entitlement to summary judgment by proof that they submitted claims, setting forth the fact and amounts of the losses sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]). The burden then shifted to defendant to establish triable issues of material fact (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
We note at the outset that in its claim denial form, defendant considered SZ Medical EC.’s claim for $473.20 as a claim for $532.42, the correct total of the charges for the various treatments set forth in the claim form, and we so modify the amount sought (A.B. Med. Servs. PLLC v Allstate Ins. Co., 8 Misc 3d 137[A], 2005 NY Slip Op 51270[U] [App Term, 2d & *54 11th Jud Dists 2005]). As to JH Chiropractic P.C.’s claim for $256.94, defendant proved no denial, nor did it assert any ground to excuse its failure to pay or deny the claim within the statutory time (Insurance Law § 5106 [a]), and JH Chiropractic P.C. is therefore entitled to summary judgment thereon. Although defendant proved timely denials of plaintiffs’ remaining claims, insofar as they were based on the defense of lack of medical necessity of the services rendered, they were factually insufficient, conclusory and vague, and thus without merit as a matter of law (Amaze Med. Supply v Allstate Ins. Co., 3 Misc 3d 43, 44 [App Term, 2d & 11th Jud Dists 2004]; see also Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564, 565 [2005]). Defendant denied SZ Medical EC.’s claim for $532.42 following a “medical review” which determined that the provider had failed to prove the treatment’s medical necessity. The denial form also stated that, on the basis of an independent medical examination (IME), the eligible injured person required no further treatment. Defendant denied JH Chiropractic EC.’s claim for $168.50 and both of New Wave Oriental Acupuncture EC.’s claims for $700 as lacking medical necessity, also on the basis of a “medical review” (or “medical audit”). No IME report was attached to the claim denial forms nor did said forms include sufficient factual assertions derived from the report or a medical rationale based thereon to establish the defense of lack of medical necessity in the absence of the report (e.g. Ocean Diagnostic Imaging P.C. v Lumbermens Mut. Cas. Co., 7 Misc 3d 135[A], 2005 NY Slip Op 50743[U] [App Term, 2d & 11th Jud Dists 2005]).
Although plaintiffs, in their moving papers, attached a copy of an unsworn nurse’s peer review report to copies of certain of defendant’s claim denial forms, said report did not assert sufficient facts and a medical rationale based thereon to establish a lack of medical necessity (Chi-Ti Acupuncture, P.C. v Hartford Acc. & Indem. Co., 10 Misc 3d 146[A], 2006 NY Slip Op 50148[U] [App Term, 2d & 11th Jud Dists 2006]). We note, in any event, that a nurse’s unsworn peer review report is inadmissible and therefore of no probative value (Dombrowski v Moore, 299 AD2d 949, 951 [2002]), and defendant offered no excuse for its failure to submit the report in admissible form (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1068 [1979]). Moreover, a nurse is a mere lay informant for purposes of medical diagnosis and treatment, and is not competent to render medical opinions (Dombrowski v Moore, 299 AD2d at 951) *55 absent an accounting of his or her training, observations or experience sufficient to establish such competence (Medwide Med. Supply Inc. v Country-Wide Ins. Co., 8 Misc 3d 131[A], 2005 NY Slip Op 51078[U] [App Term, 2d & 11th Jud Dists 2005]; Jamil M. Abraham M.D. P.C. v Country-Wide Ins. Co., 3 Misc 3d 130[A], 2004 NY Slip Op 50388[U] [App Term, 2d & 11th Jud Dists 2004]; see People v Morehouse, 5 AD3d 925, 928 [2004]; People v Munroe, 307 AD2d 588, 591 [2003]).
Defendant’s denial of JH Chiropractic P.C.’s claim for $168.50 as untimely is without merit. Defendant acknowledged receipt of the claim on the 45th day from the date the first treatment Usted therein was rendered thereby necessarily conceding that it was timely submitted, i.e., mailed (see 11 NYCRR 65-1.1 [claims must be submitted within “45 days after the date (the) services (were) rendered”]; NY Ins Dept Informal Op No. 03-06-30 [June 30, 2003] [“the 45 day period for mailing of a written proof of claim . . . begins the day after the services are rendered”]). With respect to SZ Medical EC.’s claim for $182.37, and New Wave Oriental Acupuncture EC.’s claim for $660.56, plaintiffs do not dispute that they failed to submit their claims in the requisite time. However, 11 NYCRR 65-1.1 provides that: “The . . . time limitations for the submission of proof of claim shah apply unless the ehgible injured person [or that person’s representative] submits written proof providing clear and reasonable justification for the failure to comply with such time limitation.” Further, 11 NYCRR 65-3.3 (e) provides:
“When an insurer denies a claim based upon the failure to provide timely written notice of claim or timely submission of proof of claim by the appUcant, such denial must advise the applicant that late notice will be excused where the applicant can provide reasonable justification of the failure to give timely notice.” (Emphasis added.)
Defendant points to no portion of its claim denial forms which contain the required advisement, nor does it allege that it communicated said advice in any other manner. Accordingly, defendant waived reliance on the 45-day rule as a basis to deny the claims and plaintiffs should be awarded summary judgment on these claims as well.
Finally, defendant’s challenge to the absence of an authentication of assignor’s signatures on the assignment of benefits forms is also without merit. We have held that the failure to authenti *56 cate an assignor’s signature cannot be considered an assignment defect “in the absence of any statutory or regulatory requirement for the same” (Amaze Med. Supply Inc. v Lumbermens Mut. Cas. Co., 6 Misc 3d 131[A], 2005 NY Slip Op 50084[U], *2 [App Term, 2d & 11th Jud Dists 2005]). Even if such absence rendered the assignment defective, defendant’s failure to seek verification of the assignment, within 10 days of the claims’ receipt and to allege such deficiency in its claim denial forms, constituted a waiver of any defense with respect thereto (e.g. A.B. Med. Servs. PLLC v Liberty Mut. Ins. Co., 10 Misc 3d 128[A], 2005 NY Slip Op 51902[U] [App Term, 2d & 11th Jud Dists 2005]).
In view of the foregoing, plaintiffs’ motion for summary judgment is granted and the matter is remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.
Golia, J.E (concurring with the result only): I am constrained to agree with the ultimate disposition in the decision reached by the majority. I, however, wish to note that I do not agree with certain propositions of law set forth in cases cited therein which are inconsistent with my prior expressed positions and generally contrary to my views.
Rios and Belen, JJ., concur; Golia, J.E, concurs in a separate memorandum.