*981 OPINION OF THE COURT
C. Stephen Hackeling, J.
The court conducted a trial on September 5, 2006 of the issues joined for disposition in plaintiffs complaint dated June 20, 2005 and the defendant’s verified answer dated July 19, 2005. At the trial, the parties stipulated as to the facts and introduced consensually agreed exhibits.
Undisputed Facts
The plaintiff, Hempstead Pain and Medical Services, P.C., mailed the defendant, General Assurance Co., a no-fault insurance claim on March 7, 2003 (received Mar. 12, 2003) seeking to recover $4,373.57 of benefits for services rendered between December 17, 2002 and February 2003 for injuries arising out of an automobile accident which occurred on November 5, 2002. It is undisputed that this claim was made more than 45 days after services were rendered, due to the plaintiffs original incorrect submission of the claim to the wrong insurance carrier, Interboro Insurance Co. (exhibits B, C, D). The defendant timely denied the plaintiffs claim on April 9, 2003 for the sole reason that it was submitted in excess of 45 days after the date services were rendered. The denial contained an additional statement that “if there is any additional information you wish to submit, we may reconsider our position.” (Exhibit A.)
Issues
1. Did the defendant’s denial of claim premised upon the plaintiffs failure to file same within 45 days of service comport with the “reconsideration” requirements of 11 NYCRR 65-3.3 (e)?
2. Do the amendments to Regulation 68 (11 NYCRR part 65) require the defendant insurer to “excuse” a late (post-45-day) claim filing and allow same if the delay was caused by the initial filing of said claim with the wrong insurance carrier?
Discussion
The Court of Appeals and the Appellate Division have reviewed and upheld the New York State Insurance Department regulation, 11 NYCRR 65-3.3, which shortened the time period for filing no-fault insurance claims from 180 days to 45 days from the rendering of medical services. (Matter of Medical Socy. of State of N.Y. v Serio, 298 AD2d 255 [1st Dept 2002], affd 100 NY2d 854 [2003].) In its review, the Appellate Division made express *982 note of the fact that “the new regulation, which allows a missed deadline to be excused upon ‘clear and reasonable justification’ . . . , is more relaxed than the prior regulation, [which allowed a missed deadline to be excused upon a] showing that a timely filing was ‘impossible.’ ” (298 AD2d at 255.) This finding is drawn from amended Insurance Department Regulations § 65-3.3 (e), which provides
“When an insurer denies a claim based upon the failure to provide timely written notice of claim or timely submission of proof of claim by the applicant, such denial must advise the applicant that late notice will be excused where the applicant can provide reasonable justification of the failure to give timely notice.”
Late Notice Advisory
The plaintiff in this action advances the argument that the defendant did not comply with the section 65-3.3 (e) requirement of including a written advisory in its denial that late notice can be excused conditioned upon the submission of reasonable justification for the delay. (See SZ Med. P.C. v Country-Wide Ins. Co., 12 Misc 3d 52 [App Term, 2d Dept 2006].) Absent said written declaration, a denial based on a late-filed claim is void, which compels payment of the claim pursuant to 11 NYCRR 65-3.8. The defendant counters that its denial contained the required “advisory” in that the last line on its denial states “if there is any additional information you wish to submit, we may reconsider our position.”
It is the court’s opinion that section 65-3.3 (e) does not mandate express language for inclusion in its mandatory “advisory.” The New York State Insurance Department Superintendent has the authority to mandate “official forms” which contain officially approved language. A good example of same is the official no-fault insurance denial of claim form NF-10 (rev Mar. 1, 2002) which was utilized in this case. (Exhibit A.) Absent an unequivocal demonstration of specific mandatory language, section 65-3.3 (e) is more reasonably interpreted to require only that the claimant be apprised that a late claim denial is not necessarily final and is subject to being given an opportunity to demonstrate a reasonable justification for delay. While minimally stated, the insurer’s written advisory that claimant may submit additional information (such as justification for delay) and that reconsideration is possible appears to meet section 65-3.3 (e)’s underly *983 ing purpose of allowing for an “excuse” hearing as detailed in the SZ Med. P.C. decision.* In point of fact, the plaintiff did utilize the opportunity to make a subsequent “excuse” submission and the defendant did consider same. (Exhibits C, D.) Accordingly, the court finds no violation of section 65-3.3 (e) and defendant’s denial is not voidable.
Reasonable Excuse
The dispositive issue in the matter now involves whether the defendant’s failure to “excuse” the plaintiffs late filing was justifiable. As previously stated, the standard for excusing late filings was relaxed from one of “impossibility” to “clear and reasonable justification for delay.” This appears to be a counterweight to the rather drastic measure of shortening the 180-day filing period to 45 days, and is consistent with the Insurance Superintendent’s stated objective of reducing fraudulent no-fault claims by shortening the time lag between the alleged loss and the deadline for submitting proof of the loss, while at the same time allowing bona fide claims which were subject to bureaucratic delay or mishap. (See Matter of Medical Socy. of State of N.Y. v Serio, 298 AD2d 255 [2002], affd 100 NY2d 854 [2003].)
To further this end, the Superintendent promulgated 11 NYCRR 65-3.5 (1) which provides
“(1) The insurer shall establish standards for review of its determinations that applicants have provided late notice of claim or late proof of claim. In the case of notice of claim, such standards shall include, but not be limited to, appropriate consideration for pedestrians and nonrelated occupants of motor vehicles who may have difficulty ascertaining the identi[t]y of the insurer. In the case of proof of claim, such standards shall include, but not be limited to, appropriate consideration for emergency care providers, demonstrated difficulty in ascertaining the identity of the insurer and inadvertent submission to the incorrect insurer. The insurer shall establish procedures, based upon objective criteria, to ensure due consideration of denial of claims based upon late notice or late submission of proof of claim, *984 including supervisory review of all such determinations. Insurer standards shall be available for review by department examiners.” (Emphasis added.)
While it is debatable that the inadvertent submission to the incorrect insurer is quite different from the other predetermined authorized excuses, it has nonetheless already been approved by the Insurance Department as justified. Accordingly, the court is compelled to find the plaintiffs delay in filing its claim excusable and the defendant’s denial improper. No other denials having been interposed, plaintiff shall be awarded judgment in the sum of $4,373.57 plus statutory attorney’s fees, interest and costs.

 The Appellate Term in SZ Med. P.C. indicates in its decision that it is possible to “conununicate[ ] said advice in any other manner.” (12 Misc 3d at 55.)