OPINION OF THE COURT
Memorandum.
Order modified by granting plaintiffs motion for summary judgment and denying defendant’s cross motion for summary judgment, and matter remanded to the court below for a calculation of statutory interest and an assessment of attorney’s fees; as so modified, affirmed without costs.
In this action to recover $1,814.27 in first-party no-fault benefits for medical services provided its assignor, namely, two MRIs, plaintiff established a prima facie entitlement to summary judgment by proof that it submitted a single claim, setting forth the fact and the amounts of the losses sustained ($902.28 and $911.99), and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). The burden then shifted to defendant to establish a triable issue of material fact (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Defendant’s timely denial asserted, as defenses, that plaintiffs assignor failed to appear at independent medical examinations (IMEs) scheduled by letter prior to plaintiffs submission of its proof of claim, and that the proof of claim as to the $902.28 MRI was untimely, having been submitted 48 days after the medical service was rendered (see 11 NYCRR 65-2.4 [c]). While an insurer may deny a claim upon an eligible injured person’s failure to attend IMEs scheduled prior to the claim’s receipt, to interpose the defense, defendant must establish by proof based on personal knowledge and in admissible form that it mailed its IME requests to the eligible injured person (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]; New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547 [2006]). In the absence of such admissible proof, defendant failed to establish the merits of such defense. Since this was the only defense interposed with respect to the claim for $911.99, plaintiff was entitled to summary judgment thereon.
As to the untimely submitted proof of claim regarding the first MRI, for which plaintiff sought $902.28, a regulation, effec *94 tive April 5, 2002, mandates that all insurers advise an untimely claimant of its right to submit an excuse therefor:
“When an insurer denies a claim based upon the failure to provide timely written notice of claim or timely submission of proof of claim by the applicant, such denial must advise the applicant that late notice will be excused where the applicant can provide reasonable justification of the failure to give timely notice” (11 NYCRR 65-3.3 [e] [emphasis added]).
The regulation ameliorates the impact of the severely shortened time periods in which a claimant must submit its notice of claim or proof of claim, from 90 to 30 days in the former case, and from 180 to 45 days in the latter (Matter of Medical Socy. of State of N.Y. v Levin, 185 Misc 2d 536, 538-539 [Sup Ct, NY County 2000], affd 280 AD2d 309 [2001]), and while the use of mandatory language, such as “must,” is not conclusive, it is ordinarily construed as peremptory in the absence of circumstances suggesting a contrary intent (see generally McKinney’s Cons Laws of NY, Book 1, Statutes § 177; Matter of Janus Petroleum v New York State Tax Appeals Trib., 180 AD2d 53, 54 [1992], citing People v Schonfeld, 74 NY2d 324, 328 [1989]). In the instant case, we must construe the regulation to bar a defense based on an untimely proof of claim when there is a lack of proof of compliance with the notice requirement of 11 NYCRR 65-3.3 (e) (Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 862-863 [2003]).
We note that the NF-10 denial form prepared by the Insurance Department, which specifically provides that only a claimant’s failure to provide reasonable justification for a late notice of claim is a ground to deny a claim, fails to fulfill the regulatory mandate that a claimant be notified of its right to justify an untimely submission both of a late notice of claim and a late proof of claim and, in effect, to resubmit a claim if such justification can be asserted. Absent such advisements, the NF-10 form, as presently configured, lulls a claimant, unaware of its rights, into concluding that the opportunity to recover no-fault benefits is exhausted and misleads insurers, or the herein self-insurer, that reliance on the form satisfies their obligation to advise claimants of their right to justify late submissions. Thus, as the herein NF-10 form failed to advise plaintiff of its right to cure its untimely proof of claim, the denial on the ground of an untimely proof of claim must be deemed ineffective, and absent any other basis for the claim’s denial, defendant is precluded from interposing defenses to the claim save for certain defenses not herein relevant.
*95 Accordingly, summary judgment is granted in favor of plaintiff, and the matter is remanded for the calculation of statutory interest and an assessment of attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.