Williams v Kemper Independence Ins. Co. (2025 NY Slip Op 50101(U))

[*1]

Williams v Kemper Independence Ins. Co.

2025 NY Slip Op 50101(U)

Decided on January 10, 2025

Civil Court Of The City Of New York, Bronx County

Chambers, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 10, 2025
Civil Court of the City of New York, Bronx County

Cindy Anne Williams As Assignee of Damally Caine, Plaintiff(s),

against
Kemper Independence Insurance Company, Defendant(s).

Index No. CV-724690-22 /BX

Counsel for Plaintiff:
Law Offices of Gabriel & Moroff, P.C. 
2 Lincoln Avenue 
Suite 302
Rockville Centre, New York 11570 
Counsel for Defendant:
Gullo & Associates, LLP Firm
1265 Richmond Avenue 
Staten Island, New York 10314

Taisha L. Chambers, J.

The following papers were read on Defendant's Motion for SUMMARY JUDGMENT,
Defendant's Notice of Motion, Affirmation, Affidavits, and Exhibits 1
Plaintiff's Affirmation in Opposition and Exhibits 2
Defendant moves the court pursuant to CPLR 3212 seeking summary judgment and a dismissal of the complaint which seeks $1,949.69 in unpaid medical bills for services rendered to claimant, Damally Caine, on the grounds that plaintiff failed to submit a No-Fault Application to defendant. Defendant contends that claimant failed to timely submit a No-Fault Application within thirty (30) days of the alleged accident and therefore is not an eligible injured person for coverage. In support of its motion, defendant annexes, inter alia, an opinion letter from the Insurance Department; case precedent; and an affidavit authored by Stephanie Scarfino, No-Fault Claim Representative for defendant, wherein she attests that defendant mailed plaintiff a request for a complete No-Fault Application and to date has not received one.
Plaintiff opposes the motion and contends that defendant has failed to establish entitlement to a summary determination. Specifically, plaintiff argues that defendant is precluded from asserting a thirty-day rule defense insofar as it has not issued a denial of plaintiff's claim.
Summary judgment is a drastic remedy which a court should employ only when there is no doubt as to the absence of triable issues of fact (Andre v Pomeroy, 35 NY2d 361 [1974]). The proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issues of fact and entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986] and Winegrad v New York University Medical Center, 64 NY2d 851 [1985]). The party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted and the papers will be scrutinized carefully in a light most favorable to the non-moving party (see Assaf v Ropog Cab Corp., 153 AD2d 520 [1st Dept 1989]). It is well-settled that issue finding, not issue determination, is the key to summary judgment (see Rose v Da Ecib USA, 259 AD2d 258 [1st Dept 1999]). Summary judgment will only be granted if there are no material, triable issues of fact (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]).
If the moving party fails to make such prima facie showing, then the court is required to deny the motion, regardless of the sufficiency of the non-movant's papers (Winegrad v New York Univ. Med. Center, 4 NY2d 851, 853 [1985]). However, if the moving party meets its burden, then the burden shifts to the party opposing the motion to establish by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure to do so (Zuckerman v City of New York, 49 NY2d 557 [1980]; Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833[2014]; Vega v Restani Construction Corp., 18 NY3d 499, 503 [2012]).
This Court finds that defendant has made a prima facie showing of entitlement to a summary determination which plaintiff has failed to refute.
The court finds that defendant's assertion that the failure to submit a properly completed No-Fault Application precludes coverage meritorious. However, plaintiff correctly notes that a defense grounded in the thirty-day written notice of claim requirement pursuant to 11 NYCRR 65-2.4(b) is subject to preclusion if defendant fails to issue a timely denial (Compas Med., P.C. v ELRAC, Inc., 53 Misc 3d 138(A) [App Term 2016]). Here, both parties misinterpret the relevant sections of the No-Fault statute.
As an initial matter, it is well settled that plaintiff's claims are without merit if a claimant has not fully complied with conditions precedent to reimbursement prior to seeking judicial intervention (see Insurance Department Regulations [11 NYCRR] § 65-1.1).
11 NYCRR 65-2.4 establishes two broad categories of conditions precedent to coverage, notice of claim and proof of claim. The parties' contentions seemingly stem from an interpretation that the provider's submission of a completed No-Fault Application (hereinafter "NF-2") solely constitutes written notice of claim. The court acknowledges that this interpretation has merit insofar as, pursuant to 11 NYCRR 65-3.3[d],"[t]he written notice required by section 65-2.4 of this Part and the mandatory and additional personal injury protection endorsement(s) shall be deemed to be satisfied by the insurer's receipt of a completed prescribed application for motor vehicle no-fault benefits (NYS form N-F 2) forwarded to the applicant pursuant to section 65-3.4(b)." However, this court finds that although the statute allows for the submission of a completed NF-2 to satisfy the written notice of claim condition [*2]precedent, said submission is more appropriately interpreted as primarily satisfying the proof of claim condition precedent.
A review of the statute's structure reveals the proper order of the steps involved in the processing of a No-Fault claim.
11 NYCRR 65-3.3 provides further detail of the requirements for insurers to be provided notice of the claim pursuant to § 2.4. Subsequently, § 3.4 mandates that insurers demonstrate to providers an acknowledgment of the claim once they are noticed. Thereafter, § 3.5 details the information and/or compliance insurers are entitled to request and receive for the purposes of verifying the claim. This structure of notice, acknowledgement, and then verification is consistent with the two conditions precedent established by § 2.4, notice and proof.
Pursuant to § 3.4(b), insurers are required to forward to providers a request for a completed NF-2 after they receive notice of the claim, "unless the insurer will pay the claim as submitted within 30 calendar days, then, within five business days after notice is received the insurer shall forward to the applicant the prescribed application for motor vehicle no-fault benefits" (11 NYCRR 65-3.4[b]).
Subsequently, pursuant to §3.5(a) it is the insurer's receipt of the completed NF-2 that begins the verification process, "Within 10 business days after receipt of the completed application for motor vehicle no-fault benefits (NYS form NF-2) or other substantially equivalent written notice, the insurer shall forward, to the parties required to complete them, those prescribed verification forms it will require prior to payment of the initial claim.
Although the statute here once again equates the submission of a completed NF-2 with written notice, as it does in § 3.3(d), it more unequivocally associates same with proof of claim in § 3.5(f) where it states that "[a]n insurer must accept proof of claim submitted on a form other than a prescribed form if it contains substantially the same information as the prescribed form. An insurer, however, may require the submission of the prescribed application for motor vehicle no-fault benefits" (11 NYCRR 65-3.5[f]).
11 NYCRR 65-2.4(c) identifies, explicitly, several forms of proof of claim that may be required by an insurer. This includes written proof of claim under oath; Examinations Under Oath (EUOs); and Independent Medical Examinations (IMEs). It is this Court's opinion that a completed NF-2 primarily constitutes written proof of claim under oath. Same comports with the statutes allowance of the submission of a completed NF-2 to satisfy the written notice requirement. As stated earlier, where an insurer is provided notice of claim in some other fashion, it is required to acknowledge the claim by forwarding an NF-2 for completion and is entitled to require its submission for verification. Insofar as the submission of an NF-2 is a required step to begin the verification process, it is reasonable for same to constitute sufficient notice of claim and expedite the overall process as it already intrinsically eliminates the need for the acknowledgement step.
As the submission of a completed NF-2 primarily constitutes written proof of claim under oath, rather than notice, the thirty-day rule under 11 NYCRR 65-2.4(b) does not apply. The court may have been inclined to find that the forty-five (45) day rule for proof of claim under 11 NYCRR 65-2.4(d) was applicable, however, case precedent regarding the other forms of proof of claim that are explicitly recognized by § 2.4(d) dictates otherwise.
As previously stated, § 2.4(d) explicitly names written proof of claim under oath, EUOs and IMEs. It is well settled that when the latter two are requested by an insurer and the provider fails to comply, under certain conditions, said failure to comply is considered a breach of a [*3]condition precedent precluding coverage (see Mapfre Ins. Co. of New York v Manoo, 140 AD3d 468 [2016]); see also Unitrin Advantage Ins. Co. v Advanced Orthopedics & Joint Preserv. P.C., 2018 NY Slip Op 33296[U], *9 [Sup Ct, NY County 2018], citing Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3D 559, 560 [1st Dept 2011], lv denied 17 NY3d 705 [2011]). Therefore, this Court finds that the submission of a completed NF-2, just as the other explicitly named proofs of claim in 11 NYCRR 65-2.4(d), constitutes a condition precedent to coverage. Thus, failure to submit a completed NF-2 constitutes a breach of condition precedent, precluding coverage.
In the instant case, Stephanie Scarfino, No-Fault Claim Representative for defendant, avers in her affidavit that requests for a properly executed No-Fault application were mailed to plaintiff on June 24, 2022, July 25, 2022, and September 20, 2022, pursuant to defendant's standard mailing procedures. This Court finds that the procedures described in said affidavit sufficiently ensure the likelihood that IME notices are properly addressed and mailed. Therefore, this Court must presume that the IME notices at issue in this matter were duly addressed and mailed (see Nassau Ins. Co. v Murray, 46 NY2d 828 [1978]).
Furthermore, Scarfino avers, pursuant to her review of defendant's electronic records in compliance with defendant's standard office practice, that, to date, defendant has not received a properly executed No-Fault application from plaintiff. As such, defendant establishes their non-receipt of the documents necessary to determine coverage (Nationwide Ins. Co. v Dye, 170 AD2d 683 [2d Dept 1991]).
Therefore, defendant has established through its annexed exhibits that plaintiff failed to comply with a condition precedent to coverage and plaintiff's opposition fails to raise an issue of fact. Thus, defendant's motion for summary judgment is granted.
All remaining arguments have been considered and are either without merit or need not be addressed given the findings above. Accordingly, it is hereby
ORDERED that, defendant, Kemper Independence Insurance Company's motion for summary judgment is granted, and the complaint is dismissed in its entirety as against said defendant; and it is further
ORDERED that, the clerk is hereby directed to enter judgment accordingly.
This constitutes the decision and order of the Court.
Dated: January 10, 2025
HON. TAISHA L. CHAMBERS, J.C.C.