Van Loon DME USA, Inc v Maya Assur. Co. (2025 NY Slip Op 50102(U))

[*1]

Van Loon DME USA, Inc v Maya Assur. Co.

2025 NY Slip Op 50102(U)

Decided on January 10, 2025

Civil Court Of The City Of New York, Bronx County

Chambers, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 10, 2025
Civil Court of the City of New York, Bronx County

Van Loon DME USA, Inc A/A/O Jose Trujillo, Plaintiff(s),

against
Maya Assurance Company, Defendant(s).

Index No. CV-700004-22

Counsel for Plaintiff:
Sanders Grossman Aronova PLLC 
100 Garden City Plaza, Suite 500
Garden City, New York 11530 
Counsel for Defendant:
De Martini & Yi, LLP Firm
254 Pettit Avenue
Bellmore, New York 11710

Taisha L. Chambers, J.

The following papers were read on Defendant's Motion for SUMMARY JUDGMENT,
Defendant's Notice of Motion, Affirmation, Affidavits, and Exhibits 1
Plaintiff's Cross Motion, Affirmation in Opposition, Affidavits, and Exhibits 2
Defendant moves the court pursuant to CPLR 3212 seeking summary judgment and a dismissal of the complaint which seeks $1,705.72 in unpaid medical bills for services rendered to claimant, Jose Trujillo, on the grounds that plaintiff failed to submit its bills to defendant within 45 days of the dates of service as prescribed by the Insurance Regulations. Defendant maintains that it received the subject bill on October 28, 2021, seeking reimbursement for service dates September 10, 2020 through September 23, 2020. Defendant acknowledges that plaintiff's submission included a letter wherein plaintiff indicated that the bills were initially sent to the wrong insurer. Yet, defendant argues that plaintiff failed to include any proof of the errant mailing and offered no explanation as to why there was a year long delay in identifying the correct carrier.
In support of its motion, defendant annexes, inter alia, an affirmation in support establishing the facts; an affidavit authored by Denise Meade, Claims Adjuster for defendant, wherein she attests that plaintiff's bills were denied for failure to make a timely submission; a [*2]letter from plaintiff's counsel dated October 26, 2021; and denial of claim forms.
Plaintiff opposes the motion and cross-moves for summary judgment. In its opposition and cross-motion, plaintiff contends that under 11 NYCRR 65-1.1 late submissions of claim may be excused where providers offer a reasonable justification for the delay. Plaintiff argues that it is undisputed that plaintiff submitted an explanation for its delay to defendant. Plaintiff asserts that it timely submitted the bills to an incorrect insurer, Nationwide, however the claims were delayed until the parties went to arbitration on September 20, 2021. Plaintiff further asserts it subsequently learned Nationwide was the incorrect insurer and the parties entered into a stipulation of discontinuance on October 19, 2021. Plaintiff then promptly submitted its bills to defendants on October 26, 2021. As such, plaintiff argues that the delay was reasonably justified. Plaintiff additionally argues that defendant fails to prove it timely mailed denial of claim forms. Additionally, plaintiff argues that its prima facie case is undisputed insofar as defendant concedes it received the subject bills and as such payment of the bills are overdue.
In support of its motion, plaintiff annexes, inter alia, an affidavit authored by Arnold Pooran, an employee in plaintiff's mailing department, wherein he attests to plaintiff's standard mailing practices, and that plaintiff initially mailed the subject bills to Nationwide on October 1, 2020 and October 19, 2020, and subsequently mailed the bills to defendant on October 26, 2021; letters addressed to Nationwide dated October 1, 2020 and October 19, 2020; proof of mailing; and a stipulation of discontinuance.
Summary judgment is a drastic remedy which a court should employ only when there is no doubt as to the absence of triable issues of fact (Andre v Pomeroy, 35 NY2d 361 [1974]). The proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issues of fact and entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986] and Winegrad v New York University Medical Center, 64 NY2d 851 [1985]). The party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted and the papers will be scrutinized carefully in a light most favorable to the non-moving party (see Assaf v Ropog Cab Corp., 153 AD2d 520 [1st Dept 1989]). It is well-settled that issue finding, not issue determination, is the key to summary judgment (see Rose v Da Ecib USA, 259 AD2d 258 [1st Dept 1999]). Summary judgment will only be granted if there are no material, triable issues of fact (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]).
If the moving party fails to make such prima facie showing, then the court is required to deny the motion, regardless of the sufficiency of the non-movant's papers (Winegrad v New York Univ. Med. Center, 4 NY2d 851, 853 [1985]). However, if the moving party meets its burden, then the burden shifts to the party opposing the motion to establish by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure to do so (Zuckerman v City of New York, 49 NY2d 557 [1980]; Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833[2014]; Vega v Restani Construction Corp., 18 NY3d 499, 503 [2012]).
This Court finds that defendant has failed to establish a prima facie showing of entitlement to a summary determination as an issue of fact remains.
It is well settled that defendant is entitled to notice of claim within 45 days of the date services are rendered (see 11 NYCRR 65-1.1; see also NY Arthroscopy & Sports Medicine PLLC v Motor Veh. Acc. Indem. Corp., 15 Misc 3d 89 [App Term 2007]). However, the Insurance Regulations allow for a missed deadline to be excused upon clear and reasonable justification [*3]subject to the standards and procedures for review established by the insurers (11 NYCRR 65-1.1; 11 NYCRR 65-3.5(l); In re Med. Socy. of State, 298 AD2d 255 [1st Dept 2002], affd sub nom. Matter of Med. Socy. of State v Serio, 100 NY2d 854 [2003]). Additionally, pursuant to 11 NYCRR 65-3.3, when an insurer denies a claim based upon the failure to provide timely written notice of claim or timely submission of proof of claim by the applicant, such denial must advise the applicant that late notice will be excused where the applicant can provide reasonable justification of the failure to give timely notice. Furthermore, said procedures must be based on objective criteria, to ensure due consideration of denial of claims based upon late filings, including supervisory review of all such determinations (Matter of Med. Socy. of State v Serio, 100 NY2d 854 [2003]).
In the review of a late submission of a claim, at a minimum, appropriate consideration must be given for situations where the claimant has difficulty ascertaining the insurer's identity or inadvertently submits a claim to the incorrect insurer (Matter of Med. Socy. of State v Serio, 100 NY2d 854 [2003]). Here, the record is devoid of any evidence that defendant gave proper consideration to plaintiff's explanation, and therefore defendant's motion must be denied (Bronx Expert Radiology v Clarendon Nat. Ins. Co., 23 Misc 3d 133(A) [App Term 2009]).
Here, it is undisputed that plaintiff submitted the subject bills to defendant far past the 45-day deadline provided by the regulations. However, it is also undisputed the plaintiff submitted a written explanation of its delay with its submission of the bills, indicating that the bills were initially sent to the incorrect insurer.
Defendant, in its motion, despite acknowledging the letter plaintiff annexed to the bills, contradictorily asserts that plaintiff failed to provide a written justification for the late submission. Yet, defendant also argues that plaintiff's excuse was insufficient as plaintiff failed to submit proof of mailing to the incorrect insurer and failed to explain in detail the length of the delay. Furthermore, defendant fails to submit any evidence that it provided plaintiff any notice of these considerations in its review of plaintiff's justification, other than citing the language it its denial form apprising plaintiff that its delay may be excused upon written justification. As such, defendant fails to affirmatively establish that it complied with insurance regulations, insofar as it seemingly ignored plaintiff's letter in issuing a denial, which renders its denial improper.
Turning to plaintiff's cross-motion for summary judgment.
Arnold Pooran, employee in plaintiff's mailing department, avows that, pursuant to the procedures he describes, plaintiff initially mailed the subject bills to Nationwide on the dates indicated in the proof of mailing plaintiff annexes. Pooran additionally avers that after learning that defendant was the proper insurer, plaintiff mailed its bills to defendant on October 26, 2021, pursuant to the same procedures. This Court finds that the procedures described in the affidavit sufficiently ensure the likelihood that bills are properly addressed and mailed. Therefore, this Court must presume that the bills at issue in this matter were duly addressed and mailed (see Nassau Ins. Co. v. Murray, 46 NY2d 828 [1978]). Based on the foregoing, and the court's finding that defendant's denial was improper, therefore rendering payment of the bills overdue, plaintiff has made a prima facie showing of entitlement to a summary determination, which defendant has failed to refute. Accordingly, it is hereby 
ORDERED that, defendant, Maya Assurance Company's motion for summary judgment is denied, and it is further
ORDERED that, Plaintiff, Van Loon DME USE, Inc's motion for summary judgment is granted, and it is further
ORDERED that, a judgment is granted in favor of plaintiff, as against defendant, in the amount of $1,705.72 with interest from November 27, 2021, as calculated by the Clerk of the Court. The clerk is hereby directed to enter judgment accordingly.
This constitutes the decision and order of the Court.
Dated: January 10, 2025
HON. TAISHA L. CHAMBERS, J.C.C.