Fyzio PT, PLLC v Ocean Harbor Cas. Ins. Co. (2025 NY Slip Op 50103(U))

[*1]

Fyzio PT, PLLC v Ocean Harbor Cas. Ins. Co.

2025 NY Slip Op 50103(U)

Decided on January 13, 2025

Civil Court Of The City Of New York, Bronx County

Chambers, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 13, 2025
Civil Court of the City of New York, Bronx County

Fyzio PT, PLLC 
 as Assignee of Edouard Eguelino, Plaintiff(s),

against
Ocean Harbor Casualty Insurance Company C/O New York State Department of Financial Services, Defendant(s).

Index No. CV-701364-21/BX

Counsel for Plaintiff:
Law Offices of Gabriel & Moroff, P.C.
2 Lincoln Avenue, Suite 302
Rockville Centre, New York 11570 
Counsel for Defendant:
Gallo Vitucci Klar LLP 
90 Broad Street , 3rd Floor
New York, New York 10004

Taisha L. Chambers, J.

The following papers were read on Defendant's Motion for SUMMARY JUDGMENT,
Defendant's Notice of Motion, Affirmations, Affidavits, and Exhibits 1
Plaintiff's Affirmation in Opposition 2
Defendant's Reply 3
Defendant moves the court pursuant to CPLR 3212 seeking summary judgment and a dismissal of the complaint which seeks $558.02 in unpaid medical bills for services rendered to claimant, Edouard Eguelino, on the grounds that claimant failed to appear for several Examinations Under Oath ("EUO"). Defendant also asserts that claimant failed to appear for duly scheduled Independent Medical Exams (IMEs). Moreover, defendant asserts that the subject policy was issued in Florida and therefore Florida law controls.
In support of its motion, defendant annexes, inter alia, an affirmation in support establishing the facts; the EUO and IME scheduling letters; denial letters; the bills at issue; the affidavit of Joseph Celli, Vice President and Claims Manager for defendant's underwriter, who attests to defendant's standard business procedures regarding investigations of claims, and the [*2]scheduling of EUOs and IMEs and denials of claims.
Plaintiff opposes the motion and contends that defendant fails to meet their burden to demonstrate entitlement to summary judgment. Specifically, plaintiff argues that defendant fails to annex any documentation to demonstrate claimant's failure to appear for an IME. Additionally, plaintiff argues that defendant fails to annex an affidavit of personal knowledge to support to the non-appearance insofar as defendant only annexes the affidavit of its claims manager and fails to annex any physician affirmations. Also, plaintiff posits that defendant fails to demonstrate a good faith basis for the scheduling of EUO's and fails to annex any evidence to demonstrate that the EUO scheduling letters were properly sent. With respect to the conflict of laws issue, plaintiff argues that claimant received treatment in New York, utilized a New York address for treatment, and the accident occurred in New York, and thus New York has more significant contacts in this instance, and therefore New York law controls.
In reply, defendant argues that all the relevant contacts to the issuance of the insurance policy were in Florida and New York courts have consistently held that the state where the policy is issued has the strongest interest in the case and therefore its law controls. As such, defendant contends that plaintiff's remaining opposition is unavailable under Florida law.
Summary judgment is a drastic remedy which a court should employ only when there is no doubt as to the absence of triable issues of fact (Andre v Pomeroy, 35 NY2d 361 [1974]). The proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issues of fact and entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986] and Winegrad v New York University Medical Center, 64 NY2d 851 [1985]). The party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted and the papers will be scrutinized carefully in a light most favorable to the non-moving party (see Assaf v Ropog Cab Corp., 153 AD2d 520 [1st Dept 1989]). It is well-settled that issue finding, not issue determination, is the key to summary judgment (see Rose v Da Ecib USA, 259 AD2d 258 [1st Dept 1999]). Summary judgment will only be granted if there are no material, triable issues of fact (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]).
If the moving party fails to make such prima facie showing, then the court is required to deny the motion, regardless of the sufficiency of the non-movant's papers (Winegrad v New York Univ. Med. Center, 4 NY2d 851, 853 [1985]). However, if the moving party meets its burden, then the burden shifts to the party opposing the motion to establish by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure to do so (Zuckerman v City of New York, 49 NY2d 557 [1980]; Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833[2014]; Vega v Restani Construction Corp., 18 NY3d 499, 503 [2012]).
This Court finds that defendant has failed to establish a prima facie showing of entitlement to a summary determination.
As an initial matter, "the first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved" (Matter of Allstate Ins. Co. (Stolarz), 81 NY2d 219 [1993]). A conflict is shown to exist where the laws in question must provide different substantive rules in each jurisdiction that are 'relevant' to the issue at hand and have a significant possible effect on the outcome of the trial (TBA Glob., LLC v Proscenium Events, LLC, 114 AD3d 571 [1st Dept 2014]).
Here, defendant asserts that Florida law must be used to determine whether there is a lack [*3]of coverage due to breach of a condition precedent as a result of claimant's failure to appear for an EUO. However, New York law also holds that the failure of a person eligible for no-fault benefits to appear for a properly noticed EUO constitutes a breach of a condition precedent vitiating coverage (Mapfre Ins. Co. of New York v. Manoo, 140 AD3d 468 [2016]). Therefore, defendant fails to demonstrate a conflict of law that would have a significant effect on the outcome of the instant matter. As such, the court applies the law of New York, the forum state.
Hence, plaintiff's claims are without merit if a claimant has not fully complied with conditions precedent to reimbursement prior to seeking judicial intervention (see Insurance Department Regulations [11 NYCRR] § 65-1.1).
Turning to defendant's assertions regarding claimant's failure to appear for scheduled EUOs and IMEs. Despite defendant's assertions regarding Florida substantive law, defendant moves for summary judgment under New York CPLR 3212. Pursuant to 3212, a motion for summary judgment shall be supported by affidavit of a person having knowledge of the facts.
Joseph Celli, Vice President and Claims Manager for defendant's underwriter, avows that two IME notices were mailed to claimant pursuant to defendant's standard mailing practices. Celli also avers that two EUO notices were mailed to claimant pursuant to the same procedures. This Court finds that the procedures described in the affidavit sufficiently ensure the likelihood that EUO and IME notices are properly addressed and mailed. Therefore, contrary to plaintiff's assertions, this Court must presume that the notices at issue in this matter were duly addressed and mailed (see Nassau Ins. Co. v. Murray, 46 NY2d 828 [1978]).
However, defendant nonetheless fails to meet its burden insofar as it fails to submit proof in admissible form from anyone with personal knowledge of the nonappearances. The affidavit of Joseph Celli is insufficient insofar as Celli makes conclusory assertions that claimant failed to appear for the scheduled EUOs. Celli fails to attest as to how he is aware of such information and fails to describe a standard business procedure utilized to record the alleged non-appearance. As such, Celli fails to demonstrate personal knowledge of the office procedures to establish claimant's failure to appear for an EUO (Am. Tr. Ins. Co. v Lucas, 111 AD3d 423 [1st Dept 2013]). Furthermore, defendant fails to annex an affidavit of anyone with personal knowledge of claimant's failure to appear for the scheduled IMEs at the physician's office indicated by defendant. The assertions made by Celli in his affidavit regarding claimant's failure to appear are inadmissible hearsay insofar as Celli fails to either avow that he was personally present in the physician's office at the time of the appointment or has any personal knowledge of said physicians offices' standard business procedure utilized to record the alleged non-appearance. As such, defendant also fails to establish claimant's failure to appear for the scheduled IMEs. Therefore, defendant's motion for summary judgment is denied as issues of fact remain as to whether plaintiff breached a condition precedent vitiating coverage.
All other claims and arguments have been considered and need not be addressed given the findings above. Accordingly, it is hereby
ORDERED that, defendant, OCEAN HARBOR CASUALTY INSURANCE COMPANY's motion for summary judgment is denied, and it is further
ORDERED that, the plaintiff shall file a Notice of Trial within thirty (30) days of the date herein; and it is further
ORDERED that, the scope of trial in this matter is limited to whether defendant failed to appear for the EUOs and/or IMES.
This constitutes the decision and order of the Court.
Dated: January 13, 2025
HON. TAISHA L. CHAMBERS, J.C.C.